UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

## § 2241 HABEAS CORPUS PETITION FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
### OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

FILED
2018 JAN 12 AM 10: 52

ROSCOE EMANUEL J. DANIELS

Inmate/Alien #  73684-004

FCC USP#1 COLEMAN

P.O. BOX 1033

COLEMAN, FL 33521

(Enter full name of Petitioner,
prison number or alien [A] number, if applicable,
AND address of place of confinement.)

vs.

FCC COLEMAN-USP#1, WARDEN

CASE NO: 5:18-CV-27-OC-10PRL
(To be assigned by Clerk)

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

## ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

## ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

   (a). ☐ a conviction
   (b). ☒ a sentence
   (c). ☐ prison disciplinary action or other action resulting in lost gain time credits
   (d). ☐ parole
   (e). ☐ immigration/removal
   (f). ☐ other (explain): _____

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

   (a). Name(s) and location(s) of court: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

   (b). Case Number(s): 9:09-CR-RYSKAMP

   (c). Charge(s) for which you were convicted: ONE COUNT OF DISTRIBUTION OF ESCTASY (21 U.S.C. 841(A)(1) AND ONE COUNT OF POSSESSION OF A FIREARM (18 U.S.C. § 922(G)(1))

   (d). What was your plea? (Check one)
   (1) Not Guilty ☐
   (2) Guilty ☒
   (3) Nolo contendere ☐

   (e). Did you appeal from the judgment of conviction?   Yes ☒   No ☐

3. If you did appeal, answer the following:

   (a) Name of Court: ELEVENTH CIRCUIT COURT OF APPEALS   Case #: 10-15320

   (b) Result: AFFIRMED

   (c) Date of opinion and mandate (citation, if known): AUGUST 18, 2011; 438 FED. APPX. 816 (11TH CIR. 2011)

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

   (a) Have you filed a motion under 28 U.S.C. § 2255?
   Yes ☒       No ☐
   If yes, please provide the case #, where filed, relevant date(s), and the results: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, CASE NO 13-CV-80911-KLR, (DATE OF RESULT 07/30/2014) DENIED

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective: THE ELEVENTH CIRCUIT

HAS HELD THAT, BOTH DESCAMPS AND MATHIS IS NOT RETROACTIVELY APPLICABLE TO PETITIONER

WHO IS NOT ON THERE FIRST 2255, THEREFORE I AM BARRED FROM FILING A SOS.

_____

_____

5.    Are you currently represented by counsel in this case or in any other court case?

     Yes ☐    No ☐X
     If yes, please explain: _____

6.    If this case concerns removal proceedings:
      (a) Date of final order of removal: _____

      (b) Did you file an appeal with the Board of Immigration Appeals?    Yes ☐    No ☐

7.    In the spaces below, set forth every ground which supports your claim that you are incarcerated
unlawfully, setting out the specific facts in support of each ground raised. Conclusions that are not
supported by specific facts are insufficient. You may attach additional pages if necessary to raise
additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a).  Ground one:    IN LIGHT OF MATHIS V. UNITED STATES, 136 S. CT. 2243 (2016), THE PETITIONER'S

CONVICTION UNDER FLA. STAT. § 893.13(1)(A) DOES NOT MEET THE DEFINITION UNDER THE TERM

CONTROLLED SUBSTANCE OFFENSE AS DEFINE IN 4B1.2(B)

_____

Supporting FACTS (state briefly without citing cases or law): SEE ATTACHMENT A

_____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance
system or other administrative proceeding?
          Yes ☐    No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?          Yes ☐          No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

(b). Ground two: _____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

Exhaustion:

[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
          Yes ☐   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration).proceedings) - Did you present ground two to the Board of Immigration Appeals?          Yes ☐   No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

(c). Ground three: _____

_____

_____

4

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes  ☐   No  ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals?      Yes  ☐     No  ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

(d).  Ground four: _____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes  ☐   No  ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals?          Yes ☐          No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

8.   WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the

following relief: To be release from the custody of the respondent.

_____

_____

_____

_____

_____

## DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

_1 / 1.8 / 2018_
(Date)

_____
Signature of Petitioner

## IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):

☐ delivered to prison officials for mailing,   or   ☐ deposited in the prison's internal mail system on:

_1 / 8 / 2018_ (date).

Rev. 12/05 ecb

_____
Signature of Petitioner

6

* * * * * * *

## AFFIDAVIT CERTIFICATE
(Prisoner Accounts Only)

I HEREBY CERTIFY THAT _Roscoe Daniel_, has the sum of
                 (Name of Affiant)

$ _12 9 ⅞_ as of _1/08/208_ on account to his credit at the
                     (date)

_____ institution where he is confined. I further certify that the above named

prisoner affiant has the following securities to his credit according to the records of this institution:

_____

_____

_____

_____
Authorized Officer of Institution

ATTACHMENT A

Under the term "Controlled Substance Offense" in USSG 4B1.2(b), means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a conterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. When I sentence, I was determined to be a Career Offender based on one prior conviction under Florida Statute Section 893.13(1)(a). In reviewing Fla. Stat. 893.13(1)(a), the court can conclude that this statute is an indivisible statute, which the categorical approach must be applied.

The Elements of Fla. Stat. 893.13(1)(a) are ... [Sold][Manufactured][delivered][purchased] [possessed with intent to sell][manufacture][delivered][purchases]] a certain substance. In assuming the Petitioner committed the least criminalized act, which would be purchase. Therefore, merely purchasing drugs, is not an offense under the term "Controlled Substance Offense" as defined in 4B1.2(b).

As the reason stated above, the Petitioner is not a career offender and per Mathis is actual innocent of being a career offender, and should be release from the custody of the respondent.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: _____


ROSCOEMANUEL J. DANIELS, 73684-004
        PETITIONER,

V.

FCC COLEMAN-USP #1, WARDEN,
        RESPONDENT.
_____/


## PETITIONER'S WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
## AND MEMORANDUM OF LAW TO SUPPORT PETITIONER'S ARGUMENT


COMES NOW, the Petitioner, Roscemoemanuel J. Daniels, hereby Pro-Se, files this Writ of Habeas Corpus under 28 U.S.C. § 2241 and Memorandum of Law to Support the Petitioner's argument. The Petitioner states as follows;


JURISDICTION:


A Federal Prisoner seeking to collaterally attack his sentence must, in most instance, pursue relief under 28 U.S.C. § 2255. Section 2255 grants federal prisoners a cause of action to challenge their sentences as unconstitutional or otherwise

unlawful and delineates the procedure for adjudicating these
actions. id. In addition, the so-called saving clause: contained
in § 2255(e) allows a federal court to entertain a federal
prisoner's § 2241 habeas petition in the limited circumstances
where the prisoner demonstrates that the remedy in § 2255 "is
inadequate or ineffective to test the legality of his detention."

In pursuant to McCarthan V. Dir. of Goodwill Indus.-Suncoast,
851 F.3d 1076 (11th Cir. 2017)(en banc), the Eleventh Circuit
has held, quoting from the Tenth Circuit, "[t]he plain language
of § 2255 means what is says and says what it means: a prisoner
can proceed to § 2241 only if his § 2255 motion was itself
inadequate or ineffective to the task of providing the petitioner
with a chance to test his sentence or conviction." Id at 1085

The Petitioner asserts that, based on McCarthan, this Court
has jurisdiction to entertain the Petitioner's claim. Although,
the Petitioner did raise the following claim in his original
Motion to Vacate. See Exhibit A The Petitioner asserts that,
he could not have test the legality of his detention based on
circuit precedent, and could not have change circuit precedent,
base on Eleventh Circuit's procedural rule. See 11th Cir. R.
22-1(c) which states ...

> "[T]he denial of a certificate of appealability, whether
> by a single circuit judge or by a panel, may be the
> subject of a motion for reconsideration but may not be
> subject of a petition for panel rehearing or a petition
> for rehearing en banc." See United States V. Haynes,
> 764 F.3d 1304 (11th Cir. 2014)

2

Therefore, based on 11th Cir. R. 22-1(c) and the Prior Precedent Doctrine, the Petitioner's 2255 Motion to Vacate was an inadequate or ineffective vehicle to test the legality of his detention.

CLAIM ONE: IN LIGHT OF MATHIS V. UNITED STATES, 136 S. CT. 2243 (2016), THE PETITIONER'S CONVICTION UNDER FLA. STAT. § 893.13 (1)(A) DOES NOT MEET THE DEFINITION UNDER THE TERM CONTROLLED SUBSTANCE OFFENSE AS DEFINE IN 4B1.2(B)

The term under "Controlled Substance Offense" in U.S.S.G. 4B1.2(b), means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a conterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

In reviewing the element of Fla. Stat. § 893.13(1)(a), the Court can conclude that, the least criminalized act, that is in Florida's Drug statute, does not meet the definition of the term "controlled substance offense" under 4B1.2(b). The elements are; [sold][manufactured][delivered][purchased] [possessed with intent to sell][manufacture][delivery][purchase]] a certain substance." See Exhibit B

Since Fla. Stat. § 893.13 is an indivisible statute, the Court must apply the categorical approach under Descamps V.

United States, 133 S. Ct. 2275 (2013).[1] Now, once the element(s) are identified, the Court must "presume that the conviction 'rested upon nothing more than the least of the acts', criminalez." Mocrieffe V. Holder, 133 S. Ct. 1678 (2011). See also Gonzales V. Duenas-Alvarez, 549 U.S. 183 (2007)(requiring "a realistic probability, not a theoretical possibility, that the state would apply its statute to conduct that falls outside" the standard).

Since, "purchase/purchased" is the least criminalized act, in Florida's Statute 893.13(1)(a), it does not meet the plain text of the term "Controlled Substance Offense." In fact the Eleventh Circuit has mandated that, "purchase" is not a a qualifying predicate to defined under the term "Controlled Substance Offense" See United States V. Shannon, 631 F.3d 118 (11th Cir. 2011). See also United States V. Hernandez, 145 F.3d 1433 (11th Cir. 1998).

Therefore, based on aforementioned, this Court can conclude that, purchase, which is the least criminalized act, does not meet the plain text of "Controlled Substance Offense". The

---

*1. In curing the circuit split, the Mathis Court held tha , "[w]hen a statu e defines only one crime, with one set of elements, but which lists alternative ways or mean by which a defendant can satisfy those elements, and those means are broader than a qualifying (i.e. generic) offense, a sentencing court must apply the categorical approach and is prohibited from examining the facts underlying the defendant's actual conduct."

Petitioner is entitled to relief, for the Petitioner's 2255 was an inadequate and ineffective vehicle to test the legality his detention, because of circuit precedent. And the only way to change circuit precedent is a 2241 vehicle for the Petitioner would have access to en banc.

## CONCLUSION

WHEREFORE, the Petitioner's Writ of Habeas Corpus should be granted, in the great interest of justice, and be release from the custody of the respondent.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY, that the foregoing is a true and correct copy that was mailed/hand delivered to the United States Clerks of Courts, 207 N.W. 2nd Street, Suite 337, Ocala, FL 34475-6666 on this 8th day of January 2018.

Roscoemanuel J. Daniels

1/8/2018
73684-004

5

In The

United States District Court

---

EXHIBIT

A

Original § 2255

Filed

March 13, 2013.

---

In The United States District Court

Southern District of Florida

West Palm Beach Division

| | | |
|---|---|---|
| Roscoe Daniels | ) | Case No. 9:09-CR-RYSKAMP |
| Petitioner | ) | 28 U.S.C § 2255 |
| v. | ) | |
| United States of America | ) | |
| respondent | ) | |

Memorandum of Law In Support

### Relief Sought

Petitioner Roscoe Daniels (hereinafter Daniels) respectfully moves this Honorable Court to vacate and set aside his conviction and sentence pursuant to 28 U.S.C § 2255.

### Background

Daniels was indicted for one count of Distribution of ecstasy and one count of possession of a firearm and ammunition by a convicted felon in violation of 21 U.S.C 841(a)(1) and 18 U.S.C § 922(g)(1). After negotiating a plea agreement, Daniels pled guilty and was sentenced to concurrent terms of 151 months and 120 months. Judgment was entered in this case on November 10, 2010.

Daniels filed a timely notice of appeal to the Eleventh Circuit Court of Appeals. The Eleventh Circuit affirmed this Court's conviction and sentence and Daniels did not seek review from the Supreme Court by writ of Certiorari. Daniels now files this instant motion seeking relief pursuant to 28 U.S.C § 2255 and offers the following law and facts in support.

(1)

## Jurisdiction

28 U.S.C § 2255 provides the appropriate avenue for prisoners seeking to collateral attack their conviction or sentence. According to § 2255 a prisoner may challenge his conviction or sentence when it is (1) Imposed in violation of the Constitution or laws of the United States; (2) The sentence is in excess of the statutory maximum otherwise allowed; (3) The court was without jurisdiction to impose such sentence and; (4) The sentence is 'otherwise' subject to collateral attack.

## Grounds For Relief

Daniels argues that his Sixth Amendment right to effective assistance of counsel were violated where attorney Michael Cohen failed to object to the use of his prior convictions for Robbery and sale of marijuana for 'career offender' and 18 U.S.C § 922(g)(1) purposes.

## Discussion

In Glover v. United States, 531 U.S. 198, 121 S. Ct. 696 (2001) the Supreme Court held that a defendant may establish prjudice under Strickland, where an increase in his sentence resulted from the deficient performance of counsel. The Supreme Court held that," any amount of actual jailtime has Sixth Amendment significance," and a claim of ineffective assistance only required a showing that the sentence was slightly increased as a result of defense counsel's error. Glover, 121 S. Ct. at. 700

Moreover, this Circuit as well as other Courts of appeals has previously held that the failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel. see, United States v. Acklen, 47 F.3d 739, 743 (5th. Cir. 1995); United States v. Breckenridge, 93 F.3d 132 (4th. Cir. 1996) and United States v. Kissick, 69 F.3d 1048 (10th. Cir. 1995)

I: <u>Failure To Object To Career Offender and § 922(g)</u>

According to <u>U.S.S.G § 4B1.1</u> the career offender enhancement provision is applicable where; the defendant is 18 years old at the time of the instant offense; the instant offense of conviction is a crime of violence or a controlled substance offense; and the defendant must have at least two prior 'felony convictions' of either a crime of violence or a controlled substance offense.

Additionally, <u>18 U.S.C § 922</u>(g)(1) provides that it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition or to recieve any firearm or ammunition. In order to be a 'felon' in possession of a firearm a defendant must have 'previously been convicted of crime punishable by imprisonment of more than one year'. <u>United States v. Garrett</u>, 648 F.3d 618, 621-22 (8th. Cir. 2011)

With these principles in mind, Daniels argues that Cohen was ineffective when he failed to object to his prior Robbery and Marijuana convictions where neither of these convictions qualify as 'felony convictions' punishable by imprisonment in excess of one year. In particular, on November 30, 1999 Daniels was convicted for Robbery and recieved a negotiated settlement/suspended sentence of 120 days imprisonment and $450.00 in court costs. Additionally, Daniels was convicted for sale of marijuana and recieved a negotiated settlement/suspended sentence of 60 days and a total fine of $261.00. see (<u>Ex. A and B/State judgment</u>) Additionally, Daniels maintains that his prior Robbery and Marijuana convictions were 'suspended' and does not qualify under <u>U.S.S.G § 4A1.1</u>(b)(2).

(3)

In Shaya v. Holder, 586 F.3d 401 (6th. Cir. 2009) the Sixth Circuit Court of Appeals set forth the standard for determining and analyzing whether a prior conviction under an indeterminate sentencing scheme, such as Florida's, qualifies as a felony. In Shaya, the defendant was convicted under an indeterminate sentencing statute and given a sentence of 9 months to 10 years in prison. After serving between 9 and 12 months in prison he was released. In a subsequent Federal proceeding, the court held that Shaya's prior conviction qualified as a felony conviction.

The Sixth Circuit reversed the lower court's decision with respect to its' felony conviction determination. The Court held that the lower court had erred by determining that the defendant committed a crime of violence for which the term of imprisonment was at least one-year as the lower court based that determination on the potential maximum sentence imposed by the state court- (10 years).

The court held that given the non-discretionary nature of the maximum sentence under the indeterminate system,"the term of imprisonment for [Felony Conviction Status] had to be measured by the greater of the minimum sentence "or" the time actually served in prison." Shaya, 586 F.3d at. 402-07. Moreover, the Fourth Circuit sitting En Banc in Simmons v. United States, 649 F.3d 237 (4th. Cir. 2011) held that a hypothetical conviction based on conduct 'possibly punishable' as a felony will not trigger and enhancement. Id. at. 243-45; (Citing Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010)(rejecting the 'hypothetical approach' that would treat all conduct punishable as a felony as the equivalent of a conviction of a felony.)

(4)

According to § 4B1.1,"Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year....However, if the prior sentence was suspended, it does not count. In particular,"If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended." U.S.S.G § 4A1.2(b)(2); United States v. Romary, 246 F.3d 339, 342-43 (4th. Cir. 2001) see also, Scott v. United States, U.S. Dist. LEXIS 44473 (W.D.N.C 2005)

In the instant case, Daniels prior conviction for Robbery and Sale of Marijuana does not qualify as a felony conviction for which he was exposed to a sentence of imprisonment of one-year. Additionally, Daniels's prior convictions were suspended to 120 days and 60 days. According to the rationale announced in Shaya, Simmons and Carachuri-Rosendo, Daniels does not have a qualifying prior conviction for § 4B1.1 or § 922(g)(1) purposes. Accordingly, Daniels maintain that he was deprived of the right to effective assistance of counsel during his criminal proceedings where Cohen  failed to object to the use of his prior convictions.

## Conclusion

Petitioner Roscoe Daniels respectfully moves this Honorable Court to vacate his conviction for the § 922(g)(1) offense and vacate his sentence with respect to the application of the career offender provision.

This 13th day of MARCH 2013.                 Respectfully Submitted,

Roscoe Daniels
73684-001

In The

United States District Court

---

## Certificate of Service

I Roscoe Daniels hereby swear that a copy of the forgoing motion was placed in the prison mailbox at FCI Williamsburg and served on the following parties.

Clerk of Court

U.S. District Court

701 Clementis St. Room 202

West Palm Beach, Florida 33401-5196

This 13th day of MARCH 2013

Respectfully Submitted,

_Roscoe Daniels_

73684-004

(6)

EX-B

## 25.2 SALE, PURCHASE, MANUFACTURE, DELIVERY, OR POSSESSION WITH INTENT TO SELL, PURCHASE, MANUFACTURE, OR DELIVER A CONTROLLED SUBSTANCE
### § 893.13(1)(a) and (2)(a), Fla. Stat.

Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.

To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:

1.    (Defendant) [sold] [manufactured] [delivered] [purchased] [possessed with intent to [sell] [manufacture] [deliver] [purchase]] a certain substance.

2.    The substance was (specific substance alleged).

3.    (Defendant) had knowledge of the presence of the substance.

*Delivery of 20 Grams or Less of Cannabis without consideration is a misdemeanor. See § 893.13(3), Fla. Stat. If the State charges the felony of Delivery of More Than 20 Grams of Cannabis, the jury must make a finding as to the weight. Give if applicable.*
If you find that (defendant) is guilty of **Delivery of Cannabis**, you must then determine if the State proved beyond a reasonable doubt that the cannabis weighed more than 20 grams.

*Definitions. Give as applicable.*
*Cannabis §§ 893.02(3); 893.13(3); 893.13(6)(b), Fla. Stats.*
*See Comment section for medical marijuana.*
**Cannabis** means all parts of any plant of the genus *Cannabis*, whether growing or not and the seeds thereof.

*Sell.*
"**Sell**" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

*Manufacture. § 893.02(15)(a), Fla. Stat.*
"**Manufacture**" means the production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging of the substance or labeling or relabeling of its container.

*Give if applicable.*
The term "**manufacture**" does not include the preparation, compounding, packaging, or labeling of a controlled substance by:

1.    A practitioner or pharmacist as an incident to his or her administering or delivering of a controlled substance in the course of his or her professional practice.

2.    A practitioner, or by his or her authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis, and not for sale.